**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WEST AMERICAN INSURANCE COMPANY and
PEERLESS INDEMNITY INSURANCE COMPANY,

Plaintiffs,

v.

HAILEY ATYANI, NICHOLE C DE BACA, BIANCA GARCIA, HANNAH JIRON, CESELLA MERRYMAN, ANDREA VARELA, WHITNEY WHITSON, JAEDA CHAVEZ, JENNA ESPINOZA, SAMANTHA HAWLEY, KRISTEN HERRERA, EMILLEE JEPHSON, GENEVIEVE REILLY, KELSI SHARP, ALLYNA BOWSHER, DENNIS BONFANTINE, JANICE BONFANTINE, D.B. KELLY, INC., d/b/a KELLY'S BREW PUB AND RESTAURANT and DB BREWERY LLC,

Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT RELIEF**

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiffs, West American Insurance Company ("West American") and Peerless Indemnity Insurance Company ("Peerless") (collectively "Plaintiffs") by and through their undersigned counsel, and for their Complaint for Declaratory Judgment Relief against Defendants, Hailey Atyani, Nichole C De Baca, Bianca Garcia, Hannah Jiron, Cesella Merryman, Andrea Varela, Whitney Whitson, Jaeda Chavez, Jenna Espinoza, Samantha Hawley, Kristen Herrera, Emillee Jephson, Genevieve Reilly, Kelsi Sharp, Allyna Bowsher, Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC, (collectively "Defendants") state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff West American is an insurance company incorporated under the laws of the State of Indiana with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* 28 U.S.C. § 1322(c)(1).

2. Plaintiff Peerless is an insurance company incorporated under the laws of the State of Illinois with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* 28 U.S.C. § 1322(c)(1).

3. Upon information and belief, Defendant Hailey Atyani is a resident of New Mexico.

4. Upon information and belief, Defendant Nichole C De Baca is a resident of New Mexico.

5. Upon information and belief, Defendant Bianca Garcia is a resident of New Mexico.

6. Upon information and belief, Defendant Hannah Jiron is a resident of New Mexico.

7. Upon information and belief, at all times relevant to the allegations set forth in this Complaint, Defendant Cesella Merryman was a resident of New Mexico but is currently a resident of Phoenix, Arizona.

8. Upon information and belief, Defendant Andrea Varela is a resident of New Mexico.

9. Upon information and belief, Defendant Whitney Whitson is a resident of New Mexico.

10. Upon information and belief, Defendant Jaeda Chavez is a resident of New Mexico.

11. Upon information and belief, Defendant Jenna Espinoza is a resident of New Mexico.

12. Upon information and belief, Defendant Samantha Hawley is a resident of New Mexico.

13. Upon information and belief, Defendant Kristen Herrera is a resident of New Mexico.

14. Upon information and belief, Defendant Emillee Jephson is a resident of New Mexico.

15. Upon information and belief, Defendant Genevieve Reilly is a resident of New Mexico.

16. Upon information and belief, Defendant Kelsi Sharp is a resident of New Mexico.

17. Upon information and belief, Defendant Allyna Bowsher is a resident of New Mexico.

18. Upon information and belief, Defendants identified in paragraphs 2-17, herein, were employed as servers, bartenders or hostesses (hereinafter referred to as "Employees" or "Employee Defendants") by the remaining Defendants.

19. Upon information and belief, Defendant Dennis Bonfantine is a resident of New Mexico.

20. Upon information and belief, Defendant Janice Bonfantine is a resident of New Mexico.

21. Upon information and belief, Defendant D.B. Kelly, Inc., is a Domestic for-profit corporation, incorporated in New Mexico, and all times relevant to this action, was conducting business as Kelly's Brew Pub and Restaurant ("Kelly's"). It maintained a principal place of business at 3222 Central Avenue SE, Albuquerque, New Mexico.

22. Upon information and belief, Defendant DB Brewery LLC is a Domestic for-profit corporation, incorporated in New Mexico, and all times relevant to this action, was conducting business as Kelly's. It has a principal place of business at 3222 Central Avenue SE, Albuquerque, New Mexico.

23. Upon information and belief, at all times relevant to this action, Defendant Dennis Bonfantine was an owner or co-owner of Kelly's.

24. Upon information and belief, at all times relevant to this action, and upon information and belief, Defendant Janice Bonfantine was an owner or co-owner of Kelly's.

25. Upon information and belief, at all times relevant to this action, Defendant Dennis Bonfantine and Defendant Janice Bonfantine were co-managers of Kelly's.

26. Upon information and belief, Defendants identified in paragraphs 19-25, herein, (hereinafter "Employer" or "Employer Defendants") employed the Employee Defendants during the 2010-2016 period.

27. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

28. There exists diversity of citizenship between and among the parties, and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

29. Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

30. An actual controversy exists between the parties regarding the duty to defend and indemnify Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC, under policies of insurance issued by Peerless and West

American to Defendant DB Brewery LLC as more fully identified herein. The controversy is justiciable in character, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations under the Policies described herein and applicable law.

31. Venue is proper pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to this controversy occurred in the State of New Mexico.

## GENERAL ALLEGATIONS

### A. Insurance Policies at Issue

32. Of relevance, Peerless issued several policies of insurance to DB Brewery LLC DBA Kelly's Brew Pub under Policy Number: CBP8628474 for the policy periods of:

- March 24, 2012-March 24, 2013,
- March 24, 2013-March 24, 2014,
- March 24, 2014-March 24, 2015, and
- March 24, 2015-March 24, 2016.

33. West American issued a policy of insurance to Defendant DB Brewery LLC (Policy No: BKW (17) 57 30 93 18) for the policy period of March 24, 2016 – March 24, 2017.

34. The West American Policy cancelled on or about August 17, 2016.

35. A true and correct copy of the declarations pages for each relevant policy period along with relevant portions of the policies are sequentially identified and attached hereto as Exhibits A1-A-5.

36. The Policies contain the following coverage provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**
**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
**(2)** The "bodily injury" or "property damage" occurs during the policy period; and
**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II -** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**2. Exclusions**
This insurance does not apply to:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**j. Damage to Property**
"Property damage" to:
(4) Personal property in the care, custody or control of the insured;

**SECTION II - WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:
**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**2.** Each of the following is also an insured:
**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these employees" or "volunteer workers" are insureds for:

**(2)** "Property damage" to property:
**(a)** Owned, occupied or used by,
**(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**SECTION V - DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.[1]

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

---

[1] The West American policy replaces the "bodily injury" definition through the CG 88 10 04 13 endorsement as follows:

3. "Bodily injury" means physical injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* Exhibits A1-5.

**B. The Underlying State Court Complaint (*Atyani* suit)**

37. Employees filed three lawsuits in the Second Judicial District Court, Bernalillo County, New Mexico, where it was filed under Cause No. D-202-2016-602775, styled as *Hailey Atyani, et al., v. Dennis Bonfantine, et al.* The Original Complaint was filed on April 29, 2016, the First Amended Complaint was filed on May 31, 2016, and the Second Amended Complaint was filed on November 11, 2016, ("State Court Complaint"). *See* operative State Court Complaint filed on November 11, 2016, attached hereto as Exhibit B.

38. On August 16, 2017, Employer removed the State Court Complaint to the United States District Court under case 1:17-cv-00837-WJ-JHR, where it is currently pending,[2] on the basis of federal question jurisdiction[3].

39. According to the State Court Complaint, on November 6, 2012, voters of the City of Albuquerque approved a ballot initiative to give Albuquerque's lowest-wage workers a raise. For tipped workers, the amended Albuquerque Minimum Wage Ordinance ("MWO") raised the tipped minimum wage from $2.13 an hour to $3.83 an hour in 2013, $5.16 per hour in 2014, and

[2] Employees filed their Motion to Remand and briefing on that Motion is complete [Doc 9].
[3] Employers removed on the grounds that because Employees alleged that the Fair Labor Standards Act ("FLSA") applied to their state law claims, including under the Albuquerque Minimum Wage Act, the case was removable to Federal Court as FSLA claims arise under the laws of the United States and involve an issue of federal question jurisdiction.

$5.25 per hour in 2015 and afterwards, with annual adjustments for the cost of living. *See* Exhibit B, ¶ 1.

40. According to the State Court Complaint, servers at Kelly's never received a raise. The State Court Complaint also claims that instead of complying with the new law, Employer settled on an unlawful response to the minimum wage increase: servers would pay for it themselves, out of their tips. Starting in 2013, Employer increased the wage rate that appeared on servers' paychecks so that Employer appeared to comply with the new law, but required servers to pay the house cash each shift, calculated at 2% of their total daily sales, plus $3.00 per hour they worked on the clock. After tipping out, servers sometimes owed more in cash than they had actually earned in cash tips during the shift. When this happened, servers were required to pay the difference from their wallets or their paychecks. When questioned about this "tip out" policy, Employer explained that Kelly's needed the money to pay for the minimum wage increase and other business expenses. *See* Exhibit B, ¶ 2.

41. According to the State Court Complaint, Employers did not pay servers any wages at all for non-tipped work they performed off-the-clock, such as rolling silverware, kitchen prep, and awaiting table assignments. Employer also took deductions from servers' wages for complimentary items given to customers. *See* Exhibit B, ¶ 3.

42. According to the State Court allegations, Employer failed to pool or distribute to other tipped employees all of the tips they required Employees and similarly situated servers to share. Instead, it was Employer's policy or practice to retain some or all of these tips, which the Albuquerque MWO prohibited as of January 1, 2013. *See* Exhibit B, ¶ 74.

43. According to the State Court allegations, Employer also failed to pay Employees and other similarly situated servers a cash wage equal to or greater than the tipped minimum

wage, as the Albuquerque MWO requires employers to do as a prerequisite to paying the tipped minimum wage. *See* Exhibit B, ¶ 75.

44. The State Court lawsuit sought relief for and on behalf of all individual plaintiffs and other similarly situated servers who were employed by Employer as food and drink servers at Kelly's, pursuant to the Albuquerque MWO, Ord. 12-2006, § 13-12-1, *et seq.*, and New Mexico common law, to remedy Employer's alleged violations that also allegedly deprived their Employees and other similarly situated servers of their lawfully earned tips and wages. *See* Exhibit B, generally.

45. The State Court Complaint seeks relief under Five Counts - Count I: Violation of the Tip Retention Provisions of the Albuquerque Minimum Wage Ordinance (Ord. 12-2006, § 13-12-1, *et seq*.); Count II: Violation of the Minimum Wage Provisions of the Albuquerque Minimum Wage Ordinance (Ord. 12-2006, § 13-12-1, *et seq*.); Count III: Violation of the Recordkeeping Provisions of the Albuquerque Minimum Wage Ordinance (Ord. 12-2006, § 13-12-1, *et seq*.); Count IV: Unjust Enrichment and Count V: Conversion. *Id.*

46. In addition to the request for class certification and other relief, the State Court Complaint seeks relief as follows:

- Tips that Employer unlawfully misappropriated;
- Back wages;
- Statutory liquidated damages;
- Compensatory damages;
- Punitive damages;
- Pre- and post-judgment interest;
- Cease their unlawful practices and
- Costs and attorneys' fees of Plaintiffs and the Class, pursuant to the Albuquerque MWO, Section 13-12-5(B).

*See* Exhibit B, page 20.

**D. The Underlying State Court Complaint (*Frank* suit)**

47. Separately, Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc. and DB Brewery, LLC are also defendants in another lawsuit titled *Tracy Frank v. Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc. and DB Brewery*, LLC under Case No. D-202-CV-2017-00852. *See* Exhibit C.

48. The *Frank* State Court Complaint also sought relief against Employer for alleged minimum wage violations under the MWO. *Id.*

49. Upon information and belief, the claims against the Employer in *Frank* was resolved recently.

50. Upon information and belief, Employer intends to seek defense costs and indemnity paid to resolve the claims against Employer in *Frank* from Peerless and West American.

**D. Ensuing Demand**

51. Employer Defendants Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC, sought a defense under the Policies issued by Peerless and West American against the claims presented by Employees in *Atyani* and by Tracy Frank in *Frank.*

52. Plaintiffs denied coverage for defense as the allegations set forth in Employees' State Court Complaint in *Atyani* and the allegations set forth by Tracy Frank in *Frank* are excluded under the Policies issued by Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

53. Plaintiffs incorporate, by reference, the allegations set forth in paragraphs 1 through 52 of their Complaint as if fully set forth at length herein.

54. The rights, status, obligations and other legal relations of Peerless, West American and Defendants are in dispute and are affected by the terms and conditions of the Policies at issue and New Mexico case law.

55. Specifically, a controversy has arisen as to whether Defendants Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC, are entitled to defense and indemnification under the policies issued by Peerless and West American.

56. It is undisputed that the State Court Complaints seek damages for violations of the Albuquerque Minimum Wage Ordinance including but not limited to: tips that were unlawfully misappropriated, back wages, statutory liquidated damages, compensatory damages, punitive damages, costs and attorneys' fees.

57. The claims do not arise out of an occurrence resulting in either "bodily injury" or "property damage" as those terms are defined under the Policies.

58. Specifically, the unlawful misappropriation of tips, misappropriated by Employer Defendants, does not constitute "property damage".

59. The claims are excluded by the "expected or intended injury" exclusion.

60. The claims are excluded by the "property damage" to "personal property in the insured's care, custody or control" exclusion.

61. There is no coverage under the Policies for violation of the Tip Retention Provisions of the Albuquerque Minimum Wage Ordinance (Ord. 12-2006, § 13-12-1, *et seq*.); violation of the Minimum Wage Provisions of the Albuquerque Minimum Wage Ordinance (Ord. 12-2006, § 13-12-1, *et seq*.); violation of the Recordkeeping Provisions of the Albuquerque Minimum Wage Ordinance (Ord. 12-2006, § 13-12-1, *et seq*.); Unjust Enrichment and Conversion.

62. Pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57, Peerless and West American are entitled to a declaratory judgment from this Court as follows:

(A) Judgment be entered declaring the rights and obligations of each of the parties with regards to the disputes herein;

(B) That it enter judgment that there is no coverage under the Peerless and West American Policies for the claims asserted in the *Atyani* and *Frank* State Court lawsuits;

(C) That it enter judgment declaring there is no duty to defend Defendants J Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Atyani* lawsuit;

(D) That it enter judgment declaring there is no duty to defend Defendants Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Frank* lawsuit;

(E) That is enter judgment declaring that there is no duty to indemnify Defendants J Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Atyani* lawsuit;

(F) That is enter judgment declaring that there is no duty to indemnify Defendants J Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Frank* lawsuit; and

(G) There is no coverage for punitive damages and statutory damages under the Peerless and West American Policies.

WHEREFORE, Plaintiffs, Peerless Indemnity Insurance Company and West American Insurance Company, respectfully request that the Court enter a declaratory judgment against Defendants, declaring the following:

(1) Judgment be entered declaring the rights and obligations of each of the parties with regard to the disputes herein;

(2) That it enter judgment that there is no coverage under the policies issued by Peerless and West American for the claims asserted in the State Court lawsuits;

(3) That it enter judgment declaring there is no duty to defend Defendants J Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Atyani* lawsuit;

(4) That it enter judgment declaring there is no duty to defend Defendants Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Frank* lawsuit;

(5) That is enter judgment declaring that there is no duty to indemnify Defendants J Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Atyani* lawsuit;

(6) That is enter judgment declaring that there is no duty to indemnify Defendants J Dennis Bonfantine, Janice Bonfantine, D.B. Kelly, Inc., d/b/a Kelly's Brew Pub and Restaurant and DB Brewery LLC in the *Frank* lawsuit;

(7) That there is no coverage for punitive damages and statutory damages;

(8) Costs and attorneys' fees and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen______________________
MEENA H. ALLEN
*Attorneys for Peerless Indemnity Insurance Company and West American Insurance Company*
6121 Indian School Road NE., N.E., Suite 240
Albuquerque, NM 87110
(505) 298-9400